acm

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| JANICE LYNN KING, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Case No. 04-04149-JAR** |
| | ) | |
| JOHN J. KNOLL, | ) | |
| CRAIG J. SPOMER, and | ) | |
| CITY OF TOPEKA, KANSAS, | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM ORDER AND OPINION
## DENYING PLAINTIFF'S MOTION TO REMAND AND
## GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

This matter comes before the Court on defendants' Motion for Summary Judgment (Doc. 6). Plaintiff filed a response, and defendants filed a reply.  Plaintiff filed another response, essentially a surreply, and defendants filed a motion to disregard the surreply (Doc. 16).  Plaintiff then filed a Motion for Leave to file a surreply to defendants' motion for summary judgment (Doc 19).  Also before the Court is plaintiff's Motion to Dismiss defendants' removal of the case (Doc. 2).

## I.    Uncontroverted Facts

On May 24, 2003, plaintiff was issued a traffic citation by the Topeka Police Department. Plaintiff was driving a vehicle owned by her boss, David Martin Price.  Based on this traffic citation, the City of Topeka commenced a municipal court case against plaintiff.  On May 28, 2003, defendant John Knoll, an Assistant City Attorney for the City of Topeka, dismissed without prejudice the case against

plaintiff because the police officer listed the incorrect code section on the traffic citation.  The next day,

defendant Knoll refiled the action against plaintiff under a different code section.  Plaintiff filed a motion

to dismiss in that case, and defendant Knoll responded to that motion.  Defendant Craig Spomer, an

Assistant City Attorney for the City of Topeka, prosecuted plaintiff for the alleged traffic violation.

Plaintiff was found guilty in municipal court, and she appealed the case to district court.  Defendant

Spomer represented the City of Topeka in this appeal.  Plaintiff succeeded in her appeal.

Plaintiff then filed this civil action in state court against Knoll, Spomer and the City of Topeka.

Defendants removed the case to federal court.  Plaintiff alleges that defendants violated 42 U.S.C. §

1983 by acting outside the scope of their authority and maliciously prosecuting her.  Plaintiff also asserts

that defendants conspired to intimidate plaintiff because of her association with Mr. Price in violation of

42 U.S.C. § 1985, 42 U.S.C. § 1986, K.S.A. § 12-4112, and the Code of the City of Topeka §

A10-21.  Plaintiff also alleges that defendant Knoll "was determined to go after Mr. David Martin Price

for malicious motives."

## II.    Motion to Remand

After defendants removed this action to federal court, plaintiff filed a Motion to Dismiss

defendants' removal, which the Court will construe as a motion to remand.  A civil action is removable

only if plaintiff could have originally brought the action in federal court.[1]  The Court is required to

remand "if at any time before final judgment it appears that the district court lacks subject matter

jurisdiction."[2]  Because federal courts are courts of limited jurisdiction, the law imposes a presumption

---

[1]28 U.S.C. § 1441(a).

[2]28 U.S.C. § 1447(c).

2

against federal jurisdiction[3] and requires a court to deny its jurisdiction in all cases where such jurisdiction does not affirmatively appear in the record.[4]

Defendants maintain that federal jurisdiction is appropriate based on the federal question statute, 28 U.S.C. § 1331.[5]  The federal question statute confers jurisdiction over cases "arising under" federal law.[6]  "The presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."[7]  "'The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law.'"[8]

On its face, plaintiff's Complaint asserts several federal causes of action.  In the first paragraph of her Complaint, plaintiff states that she is filing this civil action against the defendants under 42 U.S.C. § 1983 "for acting outside the scope of authority and maliciously prosecuting her in a traffic case."[9]  Additionally, she alleges that defendants conspired to intimidate her in violation of 42 U.S.C. § 1985

---

[3]*Frederick & Warinner v. Lundgren*, 962 F. Supp. 1580, 1582 (D. Kan. 1997) (citing *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974)).

[4]*Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982).

[5]Plaintiff argues in her motion that removal under 28 U.S.C. § 1443 was inappropriate.  However, defendants removed this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1441(b).

[6]*Rice v. Office of Servicemembers' Group Life Ins.*, 260 F.3d 1240, 1245 (10th Cir. 2001).

[7]*Felix v. Lucent Techs., Inc.*, 387 F.3d 1146, 1154 (10th Cir. 2004) (quoting *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987)).

[8]*Id.* (quoting *Caterpillar, Inc.*, 482 U.S. at 392).

[9](Doc. 1, Attach. 2, at 1.)

and 42 U.S.C. § 1986.  Because the Complaint presents a federal question on its face, the Court may

exercise jurisdiction under 28 U.S.C. § 1331.

Moreover, defendants complied with the requirements of 28 U.S.C. § 1441 and 28 U.S.C. §

1446 by following the appropriate procedure for removal within the required time period.  "As a

general rule, all defendants who have been served must join in a removal petition in order to effect

removal."[10]  "There must be a timely filed written indication from each served defendant, or from some

person purporting to formally act on his/her behalf and with the authority to do so, that he/she has

actually consented to removal."[11]  **Defendants acknowledge that the Notice of Removal failed to list

the names of defendants Knoll and Spomer in the signature block.  But the Notice of Removal states

that "defendants John Knoll, Craig Spomer and City of Topeka, Kansas hereby remove this action . . .

."[12]**  Furthermore, Mary Beth Mudrick, an attorney for the City of Topeka, is representing all of the

defendants in this action.  While she signed the Notice of Removal as "Attorney for the Defendant City

of Topeka," defendants claim that the names of Knoll and Spomer were merely inadvertently omitted

from the signature block in this filing.  This does not render the removal of defendants Knoll and

Spomer ineffective.  Not only are they represented by the same attorney, and not only are they

referenced in the body of the Notice of Removal, defendants Knoll and Spomer filed a Notice of

Consent and Intent to Join in the Removal (Doc. 5).  In fact, both the Notice of Removal and the

---

[10]*Todd v. DSN Dealer Serv. Network, Inc.*, 861 F. Supp. 1531, 1535 (D. Kan. 1994) (citing *Northern Ill. Gas Co. v. Airco Indus. Gases*, 676 F.2d 270, 272 (7th Cir. 1982)).

[11]*Id.* (citing *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1262 n.11 (5th Cir. 1988)).

[12](Doc. 1, at 1.)

4

Notice of Consent were filed within the thirty day time limit of 28 U.S.C. § 1446(b).[13]  Therefore,

because defendants complied with the requirements for removal of this action, and the Court has

subject matter jurisdiction, plaintiff's motion to remand is **denied.**

## III.    Plaintiff's Surreply

As described above, plaintiff filed a second response titled "Response to Defendant's [sic]

Reply to Plaintiff's Response to Defendants' Motion for Summary Judgment," which in effect is a

surreply.  Defendants then filed a motion asking the Court to disregard the surreply because it was filed

without leave of court.  Plaintiff thereafter filed a motion for leave of court to file the surreply, to which

defendants objected.  Under D. Kan. Rule 7.1(a) and (c), parties are permitted to file a dispositive

motion, a response and a reply.  "Surreplies are typically not allowed."[14]  "Surreplies are permitted in

rare cases but not without leave of court."[15]  A court will grant leave to file a surreply "for rare

circumstances as 'where a movant improperly raises new arguments in a reply.'"[16]

Plaintiff argues that defendants improperly raised the issue of authentication of documents,

---

[13]Defendants were served on October 22, 2004.  Defendants filed the Notice of Removal on November 10, 2004.  Defendants Knoll and Spomer filed a Notice of Consent and Intent to Join in the Removal on November 22, 2004.  Under 28 U.S.C. § 1446(b), the defendants have thirty days to file a notice of removal.  This deadline would have expired on November 21, 2004.  However, because this deadline fell on a Sunday, that day is not included in the computation of the period of time allowed to file pursuant to Fed. R. Civ. P. 6.  Therefore, the deadline to file was November 22, 2004, and all defendants successfully filed their notice of removal within the required time period.

[14]*Taylor v. Sebelius*, 350 F. Supp. 2d 888, 900 (D. Kan. 2004) (citing *Metzger v. City of Leawood*, 144 F. Supp. 2d 1225, 1266 (D. Kan. 2001)).

[15]*Id.* (citing *Humphries v. Williams Natural Gas Co.*, No. 96-4196, 1998 WL 982903, at *1 (D. Kan. Sept. 23, 1998)).

[16]*McShares, Inc. v. Barry*, 979 F. Supp. 1338, 1341 (D. Kan. 1997) (quoting *E.E.O.C. v. Int'l Paper Co.*, No. 91-2017, 1992 WL 370850, at *10 (D. Kan. Oct. 28, 1992)).

thereby justifying plaintiff's surreply.[17]  But defendants did not improperly raise a new issue in their reply.  Rather, defendants replied that plaintiff had failed to properly authenticate documents attached to her response to the summary judgment motion.  This is not the type of new argument justifying a surreply.  Nevertheless, the Court will liberally construe plaintiff's arguments and will **grant** plaintiff's motion for leave to file a surreply and **deny** defendants' motion to disregard plaintiff's surreply.  The Court, however, would reach the same result on defendants' summary judgment motion regardless of its consideration of the arguments in plaintiff's surreply.

## IV.    Summary Judgment Standard

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."[18]  A fact is only material under this standard if a dispute over it would effect the outcome of the suit.[19]  An issue is only genuine if it "is such that a reasonable jury could return a verdict for the nonmoving party."[20]  The inquiry essentially determines if there is a need for trial, or whether the evidence "is so one-sided that one party must prevail as a matter of law."[21]

---

[17]Plaintiff lists nine additional statements in her request for leave to file a surreply.  None of these statements demonstrate or even allege that defendants improperly raised new issues in defendants' reply.  Therefore, these statements do not support plaintiff's motion for leave.

[18]Fed. R. Civ. P. 56(c).

[19]*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

[20]*Id.*

[21]*Id.* at 251-52.

The moving party bears the initial burden of providing the court with the basis for the motion and identifying those portions of the record that show the absence of a genuine issue of material fact.[22] "A movant that will not bear the burden of persuasion at trial need not negate the nonmovant's claim."[23] The burden may be met by showing that there is no evidence to support the nonmoving party's case.[24] If this initial burden is met, the nonmovant must then "go beyond the pleadings and 'set forth specific facts' that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the nonmovant."[25] When examining the underlying facts of the case, the Court is cognizant that all inferences must be viewed in the light most favorable to the nonmoving party and that it may not make credibility determinations or weigh the evidence.[26]

The Court must construe *pro se* pleadings liberally and apply a less stringent standard than that which is applicable to attorneys.[27]  However, the Court may not provide additional factual allegations "to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."[28]  The Court

---

[22]*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

[23]*Thom v. Bristol-Myers Squibb Co.*, 353 F.3d 848, 851 (10th Cir. 2003) (citing *Celotex Corp.*, 477 U.S. at 325)).

[24]*Id.*

[25]*Id.*

[26]*Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986).

[27]*Whitney v. New Mexico*, 113 F.3d 1170, 1173 (10th Cir. 1997).

[28]*Id.*

need only accept as true plaintiff's "well-pleaded factual contentions, not his conclusory allegations."[29]

As described above, defendants assert that the documents attached to plaintiff's response to defendants' summary judgment motion were not authenticated, which violates the Federal Rules of Civil Procedure and the local rules.  Because plaintiff failed to authenticate these documents, the Court will not refer to these documents in its analysis.  However, plaintiff's failure to authenticate documents does not change the outcome of the summary judgment motion.  Plaintiff's attachments largely consist of documents from her traffic case, the substance of which is not in dispute.  Therefore, the Court would reach the same result even if it considered the documents attached to plaintiff's response to defendants' summary judgment motion.

## V.   Subject Matter Jurisdiction Standard

There are two statutory bases for federal subject matter jurisdiction.  First, under 28 U.S.C. § 1332,  federal district courts have original jurisdiction of civil actions where complete diversity of citizenship and an amount in excess of $75,000 (exclusive of interest and costs) in controversy exist.  Second, under 28 U.S.C. § 1331, federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States," or federal question jurisdiction.  In addition, if the Court has federal question or diversity jurisdiction of some claims, it may exercise supplemental jurisdiction over state law claims.[30]

The Tenth Circuit has commented on the limited jurisdiction of the federal courts and summarized the duties of the district court in considering whether it has jurisdiction to consider a case:

---

[29]*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[30]28 U.S.C. § 1367.

> The Federal Rules of Civil Procedures [sic] direct that "whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.". . . Moreover, "[a] court lacking jurisdiction cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." . . . Nor may lack of jurisdiction be waived or jurisdiction be conferred by "consent, inaction or stipulation. Since federal courts are courts of limited jurisdiction, there is a presumption against our jurisdiction, and the party invoking federal jurisdiction bears the burden of proof.[31]

Plaintiff is responsible for showing the court by a preponderance of the evidence that jurisdiction is proper.[32] Mere allegations of jurisdiction are not enough.[33]

## VI.   Discussion

### A.   Section 1983 Claim for Malicious Prosecution

#### 1.   Defendant Knoll's and Defendant Spomer's Absolute Immunity

Defendants Knoll and Spomer, as a prosecutors, enjoy absolute immunity from suit under section 1983 for any and all activities "'intimately associated with the judicial . . . process,'" such as "'initiating and pursuing criminal prosecutions.'"[34] Thus, a prosecutor is absolutely immune from suit for the decision to prosecute;[35] any related investigatory or evidence gathering actions;[36] evaluation of

---

[31]*Penteco Corp. v. Union Gas Sys.*, 929 F.2d 1519, 1521 (10th Cir. 1991) (citations and quotations omitted).

[32]*United States ex rel. Stone v. Rockwell Int'l Corp.*, 282 F.3d 787, 797 (10th Cir. 2002).

[33]*Id.* at 798.

[34]*Pfeiffer v. Hartford Fire Ins. Co.*, 929 F.2d 1484, 1489 (10th Cir. 1991) (quoting *Imbler v. Pachtman*, 424 U.S. 409 (1976)).

[35]*Hammond v. Bales*, 843 F.2d 1320, 1321 (10th Cir. 1988).

[36]*Imbler v. Pachtman*, 424 U.S. 409, 431 n.33 (1976); *Scott v. Hern*, 216 F.3d 897, 909 (10th Cir. 2000) (finding prosecutor immune from investigatory conduct or from failure to conduct an adequate or independent investigation).

the evidence and determination of whether there is probable cause; the determination of what information to present to the court and the drafting of affidavits, or other documents associated with the court's determination of probable cause.[37]  This immunity applies even when there is evidence of improper motivation or malice[38] and even when the prosecutor is alleged to have withheld or misstated evidence.[39]  As a matter of law, then, defendants Knoll and Spomer are absolutely immune from suit for acts such as filing and dismissing traffic cases against plaintiff, responding to motions, and prosecuting cases in the municipal and district courts in Topeka.

Yet there are limits to the absolute immunity accorded prosecutors.  Although many actions may be absolutely protected, some acts performed by a prosecutor are accorded only qualified immunity.  In *Burns v. Reed*,[40] the Supreme Court distinguished the prosecutor's misleading presentation of evidence at the probable cause hearing (absolute immunity) from the prosecutor's providing legal advice to the police (qualified immunity).  The key to absolute immunity, as the Court noted in *Buckley v. Fitzsimmons*,[41] is whether the challenged action is linked to the judicial process; and further, whether at common law, such action was accorded immunity.  While plaintiff discusses qualified immunity analysis in her brief, she has failed to allege that defendants engaged in any activities

---

[37]*Kalina v. Fletcher*, 522 U.S. 118, 130 (1997).

[38]*Lerwill v. Joslin*, 712 F.2d 435, 441 (10th Cir. 1983).

[39]*Robinson v. Volkswagenwerk AG*, 940 F.2d 1369, 1373 n.4 (10th Cir. 1991) ("Whether the claim involves withholding evidence, failing to correct a misconception or instructing a witness to testify evasively, absolute immunity from civil damages is the rule for prosecutors."), *cert. denied*, 502 U.S. 1091 (1992).

[40]500 U.S. 478, 492, 496 (1991).

[41]509 U.S. 259, 271-73 (1993).

subject to qualified immunity.  Even when viewed in the light most favorable to plaintiff, there is no

evidence that prosecutors Knoll and Spomer provided legal advice to the police involved in plaintiff's

traffic case.[42]  Instead, plaintiff complains about defendants' acts in initiating and dismissing cases

against the plaintiff, filing motions, and prosecuting cases, all of which are linked to the judicial process

and subject to absolute immunity.

### 2.       *Defendant City of Topeka's Municipal Liability*

Plaintiff also cannot bring a section 1983 claim for malicious prosecution against defendant City

of Topeka.  "[T]o establish municipal liability, a plaintiff must show (1) the existence of a municipal

policy or custom, and (2) that there is a direct causal link between the policy or custom and the injury

alleged."[43]  An injury is caused by a municipal "policy" if it results from decisions of a duly constituted

legislative body or an official whose acts may fairly be said to be those of the municipality itself.[44]

"Similarly, 'custom' has come to mean an act that, although not formally approved by an appropriate

decision maker, has such widespread practice as to have the force of law."[45]  Plaintiff has not come

---

[42]Plaintiff does point the Court to defendant Knoll's website, www.kscoplaw.com, which provides legal resources to police officers along with personal pictures of defendant Knoll's wedding and family pets. Additionally, there is a reference to Mr. Price and his lawsuit against various government agents and employees. Plaintiff alleges that this website is funded by the City of Topeka, but the website contains a disclaimer that the views expressed are of the author only and not any government agency.  While this website may be providing legal advice to police officers, plaintiff does not show the Court how it is connected to plaintiff's traffic case outside of her unsubstantiated allegations that her prosecution was a result of her association with Mr. Price.  The Court need only accept as true plaintiff's "well-pleaded factual contentions, not his conclusory allegations."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  Therefore, she cannot base her claim on the contents of defendant Knoll's website.

[43]*Hinton v. City of Elwood*, 997 F.2d 774, 782 (10th Cir. 1993).

[44]*Marshall v. Columbia Lea Reg'l Hosp.*, 345 F.3d 1157, 1177 (10th Cir. 2003) (citing *Bd. of County Comm'rs v. Brown*, 520 U.S. 397, 403-04 (1997)).

[45]*Id.* (citing *Brown*, 520 U.S. at 404).

forward with evidence of any policy or custom of malicious prosecution that could establish a pattern or practice by the City of Topeka.

While plaintiff alleges that others have been maliciously prosecuted for their association with plaintiff's boss, Mr. Price, plaintiff provides no evidence of these allegations in the record.  Plaintiff merely cites two state criminal cases and a Tenth Circuit case.  In one state case, the Shawnee County District Court found in a preliminary hearing that there was probable cause that the defendant committed the crimes alleged.[46]  As explained above, because there was probable cause, this case was not maliciously prosecuted.  In the other state case, the defendant was charged with battery but the charges were dismissed when investigators were unable to contact the victim.[47]  Plaintiff provides no other details of this case.  The Tenth Circuit case was an appeal by Mr. Price of dismissal of a civil rights action he brought against various public and private persons asserting many federal and state claims including a claim for malicious prosecution.  Mr. Price's malicious prosecution claim was dismissed by the district court and affirmed by the Tenth Circuit.[48]  Besides citing these cases, plaintiff provides no evidence that defendant City of Topeka engaged in a pattern or practice of maliciously prosecuting people associated with Mr. Price.  Plaintiff also alleges that defendant Knoll's website, www.kscoplaw.com, is funded by the City of Topeka, but plaintiff offers no evidence to support this allegation.

---

[46] *State of Kansas v. Johnson*, No. 99-CR-02839 (Shawnee County Dist. Court Oct. 4, 1999).

[47] *State of Kansas v. Russell*, No. 99-CR-02804 (Shawnee County Dist. Ct. Dec. 6, 1999).

[48] *U.S. ex rel. Price v. McFarland, et al.*, No. 04-4058-RDR, 2004 WL 3171649 (D. Kan. Sept. 22, 2004), *aff'd*, 133 Fed. Appx. 485 (10th Cir. 2005).

Because plaintiff has not made the required showing of a policy under *Hinton*, and the Court may not provide additional factual allegations "to round out a plaintiff's complaint,"[49] plaintiff cannot bring a section 1983 claim against defendant City of Topeka.  Additionally, a municipality may not be held liable where there is no underlying constitutional violation by any of its officers.[50]  The conclusion, as discussed below, that defendant Knoll's and Spomer's conduct did not violate plaintiff's constitutional rights, therefore, precludes the imposition of any liability against the City of Topeka. Accordingly, summary judgment is **granted** in favor of the municipality on plaintiff's section 1983 claim.

### 3.       *Section 1983 Claim for Malicious Prosecution*

Regardless of defendants' immunity from plaintiff's section 1983 claim, defendants are still entitled to summary judgment on this claim.  A plaintiff may bring a claim under 42 U.S.C. § 1983 for malicious prosecution.[51]  Such claims are analyzed under the Fourth Amendment.[52]  Although plaintiff also characterizes her section 1983 claim as a deprivation of her right to constitutional due process, the Supreme Court stated in *Albright v. Oliver*[53] that a malicious prosecution claim, if viable, must arise under the Fourth Amendment and is not properly brought as a claim for deprivation of substantive due process.[54]  In analyzing a section 1983 claim for malicious prosecution, the Court begins with the

---

[49]*Whitney v. New Mexico*, 113 F.3d 1170, 1173 (10th Cir. 1997).

[50]*Wilson v. Meeks*, 98 F.3d 1247, 1255 (10th Cir. 1996) (citing *Hinton v. City of Elwood*, 997 F.2d 774, 782 (10th Cir. 1993)).

[51]*Taylor v. Meacham*, 82 F.3d 1556, 1560 (10th Cir. 1996), *cert. denied*, 519 U.S. 871 (1996).

[52]*Albright v. Oliver*, 510 U.S. 266, 274 (1994).

[53]*Id.*

[54]*See also Taylor*, 82 F.3d at 1561.

13

elements of this common law cause of action under Kansas law: (1) the defendant instituted, procured or continued the criminal proceeding of which the complaint is made; (2) the defendant in so doing acted without probable cause and with malice; (3) the proceeding terminated in favor of the plaintiff; and (4) the plaintiff sustained damages.[55]

Plaintiff cannot survive a summary judgment motion on her malicious prosecution claim, because plaintiff cannot show under any circumstances, that defendants instituted, procured, or continued a criminal proceeding without probable cause.  Plaintiff was charged with a traffic violation and found guilty in municipal court.  Although plaintiff successfully appealed her case in the district court, she concedes that she was initially found guilty in the lower court.  The Kansas Supreme Court has held that a plaintiff's conviction in an underlying criminal case conclusively establishes the existence of probable cause and requires the court to dismiss a malicious prosecution claim.[56]  The municipal court's finding of plaintiff's guilt for the charged traffic violation shows that defendants had probable cause to prosecute plaintiff.  Therefore, the Court **grants** summary judgment on plaintiff's 42 U.S.C. § 1983 claim for malicious prosecution.

**B.**     *Conspiracy Claims*

**1.**     *Section 1985 and 1986*

42 U.S.C. § 1985 provides for causes of action arising from: (1) preventing an officer from performing duties; (2) obstructing justice; intimidating party, witness or juror; or (3) depriving persons

---

[55]*Braun v. Pepper*, 578 P.2d 695, 698 (Kan. 1978); *Thompson v. Gen. Fin. Co.*, 468 P.2d 269, 282 (Kan. 1970).

[56]*Vanover v. Cook*, 260 F.3d 1182, 1190 (10th Cir. 2001) (citing *Smith v. Parman*, 172 P. 33, 34 (Kan. 1918)).

14

of rights or privileges.  While plaintiff does not identify the subsection upon which she bases her section 1985 claim, plaintiff's claim must arise from conduct that was motivated by class-based or racially discriminatory animus.[57]  With regards to section 1985(3) claims, the concept of "class-based animus" has been narrowly construed and does not, for example, contemplate conspiracies motivated by an economic or commercial bias.[58]  The Tenth Circuit has rejected a variety of attempts to more loosely define a class, including teachers,[59] handicapped persons,[60] and those with similar political beliefs or expressions.[61]  Plaintiff offers no evidence that defendants were motived by class-based or racially discriminatory animus.  Even if plaintiff could show that defendants' alleged acts were motived by her association with Mr. Price, this would not meet the Tenth Circuit's definition of "class-based animus."  Accordingly, plaintiff's section 1985 conspiracy claim fails as a matter of law, and summary judgment is **granted** on this issue.

Additionally plaintiff's claim for conspiracy under 1985 fails because plaintiff has not shown

---

[57]For section 1985(1), *see Santistevan v. Loveridge*, 732 F.2d 116, 118 (10th Cir. 1984) ("A viable section 1985(1) cause of action requires allegations of class-based or racial discriminatory animus.").  For section 1985(2), *see Smith v. Yellow Freight Sys., Inc.*, 536 F.2d 1320, 1323 (10th Cir. 1976) (holding "that a racial, or perhaps otherwise class-based, invidiously discriminatory animus must be behind the conspirators' action for a cause of action under that portion of section 1985(2) following the semicolon [obstructing justice]").  The portion before the semicolon in section 1985(2) concerns intimidating parties, witnesses, or jurors in court so that they will not attend court or testify.  This scenario is not alleged in plaintiff's case; therefore, only the portion after the semicolon concerning obstruction of justice, which requires a showing of discriminatory animus, could apply to plaintiff's case.  For section 1985(3), *see Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971) (stating that in order to bring a section 1985(3) claim "there must be some racial, or perhaps otherwise-class-based, invidiously discriminatory animus"); *see also Bisbee v. Bey*, 39 F.3d 1096, 1102 (10th Cir. 1994).

[58]*United Bhd. of Carpenters & Joiners of Am., Local 610 v. Scott*, 463 U.S. 825, 837 (1983).

[59]*Pitts v. Bd. of Educ. of U.S.D. 305, Salina, Kan.*, 869 F.2d 555, 557 (10th Cir. 1989).

[60]*Wilhelm v. Continental Title Co.*, 720 F.2d 1173, 1176 (10th Cir. 1983), *cert. denied*, 465 U.S. 1103 (1983).

[61]*Brown v. Reardon*, 770 F.2d 896, 907 (10th Cir. 1985).

evidence of a conspiracy between defendants Knoll, Spomer and the City of Topeka.  Conclusory

allegations of conspiracy without supporting factual averments are insufficient to state a claim under

§ 1985(3).[62]  Plaintiff's pleadings "must specifically present facts tending to show agreement and

concerted action."[63]  Even when viewed in the light most favorable to plaintiff, no evidence suggests the

existence of a conspiracy nor any concerted action or agreement by defendants to intimidate the

plaintiff.  Plaintiff's conclusory allegations of conspiracy without factual averments are insufficient.

Following summary judgment in favor of defendants on plaintiff's section 1985 claim, "there can

be no valid claim under section 1986 of neglect to prevent a known conspiracy, in the absence of a

conspiracy under section 1985."[64]  Therefore, because plaintiff's section 1985 claim fails, summary

judgment is also **granted** as to plaintiff's section 1986 claim.

### 3.      Section 1983

Plaintiff also alleges that defendants conspired to intimidate her due to her association with Mr.

Price which interfered with plaintiff's constitutional due process rights under 42 U.S.C. § 1983.  The

Tenth Circuit recognizes the inherent difficulty of producing direct evidence of a conspiracy; however,

mere conclusory allegations with no supporting factual averments are insufficient to bring an action

under section 1983.[65]  The pleadings must specifically present facts tending to show agreement and

---

[62]*Dickerson v. Leavitt Reynolds*, 995 F. Supp. 1242, 1248 (D. Kan. 1998).

[63]*Sooner Prods. v. McBride*, 708 F.2d 510, 512 (10th Cir. 1983).

[64]*Campbell v. Amax Coal Co.*, 610 F.2d 701, 702 (10th Cir. 1979).

[65]*Hunt v. Bennett*, 17 F.3d 1263, 1268 (10th Cir. 1994).

concerted action.[66]   Plaintiff's section 1983 conspiracy claim fails as well because plaintiff has not

presented any facts showing the existence of a conspiracy between defendants.   Therefore, the Court

**grants** summary judgment in favor of defendants on plaintiff's section 1983 conspiracy claim.

### 4.      *K.S.A. § 12-4112 and Topeka City Ordinance § A10-21*

Plaintiff also seeks relief pursuant to K.S.A. § 12-4112 and Topeka City Ordinance §

A10-21.   Liberally construing plaintiff's Complaint, plaintiff alleges that the City of Topeka is violating

the Kansas Constitution by exempting the city from K.S.A. § 12-4112.   Plaintiff also argues that the

city ordinance provides her relief although this provision has been reserved.

First, even if both of these laws were in effect, neither would provide plaintiff relief.   K.S.A. §

12-4112 provides that no person shall be assessed fees for the administration of justice in any municipal

court case outside of listed exceptions.[67]   Plaintiff does not allege that she paid certain fees in her

municipal court case in violation of this statute.   This statute also does not authorize the awarding of fees

to plaintiff for those fees she was required to pay under law.   Plaintiff asserts that Topeka City

Ordinance § A10-21 authorizes a court to award costs to a person prosecuted without probable cause

---

[66]*Id.*

[67]K.S.A. § 12-4112 states: "No person shall be assessed costs for the administration of justice in any municipal court case, except for witness fees and mileage as set forth in K.S.A. 12-4411, and amendments thereto; for the assessment required by K.S.A. 2001 Supp. 20-1a11, and amendments thereto; for the judicial branch education fund; for the assessment required by K.S.A. 12-4117 and amendments thereto for the law enforcement training center fund established pursuant to K.S.A. 74-5619 and amendments thereto, the local law enforcement training reimbursement fund established pursuant to K.S.A. 74-5620, and amendments thereto, and the juvenile detention facilities fund as provided in K.S.A. 12-4117, and amendments thereto; and for the assessment required by K.S.A. 12-16,119, and amendments thereto, for the detention facility processing fee."

17

and for malicious motives.[68]  As previously discussed, because defendants had probable cause to prosecute the plaintiff, she is not entitled to relief.

Second, neither of these laws can provide plaintiff relief because they are currently not in effect. The City of Topeka has elected to opt out of this particular Kansas statute, which governs municipal courts, by enacting a charter ordinance.  "When there is a nonuniform legislative enactment that is in conflict with the action a city wants to take, a charter ordinance may be used to exempt the city from the legislative enactment."[69]  Chapter Ordinance 86, adopted March 20, 2001, replaces K.S.A. § 12-4101–12-4602, and therefore K.S.A. § 12-4112 is not in effect in Topeka.[70]  Additionally, Charter Ordinance 86 repealed §§ A10-21–A10-28.[71]  Thus, Topeka City Ordinance § A10-21 cannot provide plaintiff relief either because it is not in effect.

### 5.  *Plaintiff's Association with Mr. Price*

Defendants point out that Mr. Price's name appears three times in plaintiff's Complaint.  She alleges that defendants conspired to intimidate her "due to her association" with Mr. Price and that defendant Knoll "was determined to go after Mr. David Martin Price for malicious motives."  To have standing to bring a section 1983 claim on behalf of another person, a plaintiff must allege an injury to

---

[68]Plaintiff alleges that the Topeka City Ordinance § A10-21 states: "If it appears to the court that the prosecution was instituted without probable cause and from [sic] malicious motives, the court may require the prosecution to appear and answer concerning the motives of such person for instituting the prosecution.  If after such hearing, the court determines that the prosecution was instituted without probable cause and for malicious motives, all costs shall be assessed against the complaining witness and other persons initiating the prosecution."

[69]*State ex rel. Kline v. Unified Bd. of Comm'rs*, 85 P.3d 1237, 1241 (Kan. 2004) (citing Kan. Const. art. 12, § 5(c)).

[70]Editor's note to Topeka City Ordinance §§ A10-21–A10-28.

[71]*Id.*

her own personal constitutional rights.[72]  As discussed above, plaintiff has not demonstrated that defendants violated her constitutional rights, and her claims cannot survive a summary judgment motion. Therefore, she cannot bring a claim for any alleged injury to Mr. Price.

Additionally, her association with Mr. Price is not a relationship protected by the Constitution. The right to associate under the First Amendment protects an individual's decision to "'enter into and maintain certain intimate human relationships.'"[73]  In general, protected relationships involve familial settings, unlike the relationship between plaintiff and Mr. Price.[74] The Tenth Circuit has held that the relationship between two employees of a school district is not the type of association that the First Amendment shelters from government action.[75]  Likewise, the relationship between plaintiff and her employer, Mr. Price, is not protected by the First Amendment of the Constitution.

However, protected relationships under the First Amendment can also include assisting litigation vindicating civil rights.[76]  Activities such as "attending meetings on necessary legal steps" and "associating for the purpose of assisting persons seeking legal redress" are "modes of expression and association protected by the First and Fourteenth Amendments."[77]  The Tenth Circuit has held that such

---

[72]*Trujillo v. Bd. of County Comm'rs*, 768 F.2d 1186, 1187 (10th Cir. 1985).

[73]*Copp v. Unified Sch. Dist. No. 501*, 882 F.2d 1547, 1551 (10th Cir. 1989) (quoting *Roberts v. United States Jaycees*, 468 U.S. 609, 617-18 (1984)).

[74]*See id.* (citing *Roberts*, 468 U.S. at 619-620).

[75]*Id.*

[76]*Owens v. Rush*, 654 F.2d 1370, 1379 (10th Cir 1981) (construing *NAACP v. Button*, 371 U.S. 415 (1963)).

[77]*Id.* (citations omitted).

activities are protected "although they were private and not public activities."[78]  While the First

Amendment bars retaliation for exercising these rights of association,[79] plaintiff has not shown that she

was engaged in these types of protected activities before her traffic citation, thereby making her citation

an act of retaliation.  She merely states that she is an employee of Mr. Price.  While it is clear that Mr.

Price has been involved in the litigation surrounding plaintiff's traffic prosecution, these actions all

occurred subsequent to her citation.[80]  Plaintiff cannot point to any act of retaliation, infringing on these

protected rights of association, occurring after her traffic citation when she and Mr. Price may have

been associating for the purpose of her lawsuit.  Therefore, plaintiff has failed to show that defendants

violated her right to associate under the First Amendment.

To the extent plaintiff relies on the attached letter to her Complaint (Doc. 1, Attach. 2, Ex. B) to

show retaliation, her claim is insufficient.  In the letter from defendant Knoll to the Kansas Attorney

General's Office, defendant Knoll complains about Mr. Price's involvement in plaintiff's traffic case and

---

[78]*Id. Owens,* however, was decided before the Supreme Court's decision in *Connick v. Myers,* 461 U.S. 138, 146 (1983).  Several courts have subsequently held that after *Connick*, engaging in a lawsuit amounts to constitutionally protected activity only if it involves a matter of public concern. *Rice v. Ohio Dep't of Transp.*, 887 F.2d 716, 720-21 (6th Cir. 1989), *vacated on other grounds*, 497 U.S. 1001 (1990); *see also Grabow v. Indep. Sch. Dist. No. I-008*, 86 F.3d 1166, 1996 WL 282166 (10th Cir. May 29, 1996) (unpublished opinion); *McCook v. Springer Sch. Dist.*, 44 Fed. Appx. 896, 903-04, 2002 WL 1788529 (10th Cir. Aug. 5, 2002) (unpublished opinion); *Rendish v. City of Tacoma*, 123 F.3d 1216 (9th Cir. 1997) (noting that several other circuits have reached a similar conclusion).  *But see San Filippo v. Bongiovanni*, 30 F.3d 424 (3d Cir. 1994) (noting that while every other circuit has required litigation to involve matters of public concern, the petition clause provides independent First Amendment protection for the "mere act of filing a non-sham petition" even if it does not involve matters of public concern).  The court will assume that *Owens* remains good law because the Tenth Circuit has cited *Owens* after *Connick* in both *Copp v. Unified Sch. Dist. No. 501*, 882 F.2d 1547 (10th Cir. 1989) and *Hinsdale v. City of Liberal, Kan.*, 19 Appx. 749, 2001 WL 980781 (10th Cir. Aug. 28, 2001) (unpublished decision), and *Owens*—unlike *Rice* and the other cases cited—rests on the freedom of association prong of the First Amendment.

[79]*Owens*, 654 F.2d at 1379 (citing *Perry v. Sinderman*, 408 U.S. 593, 596-98 (1072)).

[80]Before this case was removed to federal court, plaintiff even requested that the state court appoint Mr. Price to be a special process server in this case.  (Doc. 1, Attach. 4.)

suggests that Mr. Price is engaging in the unauthorized practice of law without a license.  Plaintiff has

not tried to argue that defendant Knoll's letter was an act of retaliation, but even if she did, plaintiff

cannot show that this letter infringed on her constitutional right of association with Mr. Price.  When

allegations of retaliatory conduct are directed at a defendant who is not the plaintiff's employer and

when there is no contractual relationship between them, the Tenth Circuit applies a test from *Worrell v.*

*Henry*.[81]  The plaintiff must show: "(1) that the plaintiff 'was engaged in constitutionally protected

activity'; (2) that the defendant's actions caused the plaintiff 'to suffer an injury that would chill a person

of ordinary firmness from continuing to engage in that activity'; and (3) that the 'defendant's adverse

action was substantially motivated as a response to the plaintiff's exercise of constitutionally protected

conduct.'"[82]  In a similar case, a defendant made a complaint to the Kansas Attorney General regarding

an individual allegedly helping the plaintiff with a lawsuit.[83]  The court in that case held that plaintiff could

not meet the second prong of the *Worrell* test because "such action would not have deterred a person

of ordinary firmness from engaging in the constitutionally protected activity of associating" with another

for general help with a lawsuit.[84]  Likewise, plaintiff cannot show that defendant Knoll's letter deterred

her from associating with Mr. Price.  Therefore, summary judgment on plaintiff's right to association

claim is **granted**.

## VI.    Plaintiff's Request for Sanctions

---

[81] 219 F.3d 1197 (10th Cir. 2000).

[82] *Id.* (quoting *Lackey v. County of Bernalillo*, No. 97-2265, 1999 WL 2461, at *3 (10th Cir. Jan. 5, 1999)).

[83] *McCormick v. City of Lawrence, Kan.*, 253 F. Supp. 2d 1156, 1170 (D. Kan. 2003).

[84] *Id.* at 1171.

In her response to defendants' summary judgment motion, plaintiff requests the Court consider imposing sanctions upon the defendants for filing a frivolous motion.

Fed. R. Civ. P. 11(c)(1)(a) states, in pertinent part,

> A motion for sanctions under this rule shall be made separately from other motions or requests and shall describe the specific conduct alleged to violate subdivision (b). It shall be served as provided in Rule 5, but shall not be filed with or presented to the court unless, within 21 days after service of the motion (or such other period as the court may prescribe), the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected. If warranted, the court may award attorney's fees incurred in presenting or opposing the motion.

Rule 11 sets forth mandatory requirements that a moving party must comply with before a court is permitted to order sanctions.[85]  The moving party must submit the motion for sanctions separate and apart from any other motion or request, and specifically describe the conduct that allegedly violates the rule.[86]  The moving party must serve the motion on the opposing party.[87]  If, after twenty-one days, the opposing party does not withdraw the challenged paper, claim, defense, contention, allegation, or denial, the moving party may file its motion for sanctions with the court.[88]

The Court denies plaintiff's request for sanctions because she failed to comply with the mandatory requirements of Rule 11.  Plaintiff did not file a motion for sanctions separate from other

---

[85]*See* Fed. R. Civ. P. 11(c)(1)(A); *see also Aerotech, Inc. v. Estes,* 110 F.3d 1523, 1528-29 (10th Cir. 1997).

[86]*See* Fed. R. Civ. P. 11(c)(1)(A).

[87]*Id.*

[88]*Id.*

motions or requests.  Instead, she requests sanctions in her response to defendants' summary judgment motion.  Furthermore, plaintiff failed to serve such motion on the defendants or give them the requisite "safe harbor" period to correct the alleged inappropriate action.

Plaintiff has also failed to specifically describe the conduct that allegedly violates the rule. Plaintiff merely expresses her opinion that the motion filed by defendants is frivolous "due to the [plaintiff] can clearly show her burden of proof, that the Defendants acting in their Official capacity, had no jurisdiction to pursue this traffic citation, but to target the Plaintiff, to detour her affiliation with Mr. David Martin Price."[89]  While Rule 11(b)(2) does require a party to put forth nonfrivolous arguments, plaintiff has not provided any description as to how defendants' argument is frivolous.  Notably, this Court has found merit to defendants' summary judgment arguments and has granted defendants' motion.

## VII.    Conclusion

Plaintiff is seeking remand of this case, which alleges violation of various federal and state laws for defendants' prosecution of plaintiff in a municipal traffic case.  However, the Court determines that jurisdiction in federal court is proper because plaintiff asserts federal causes of action in her Complaint. The Court also grants plaintiff's request to file a surreply, but rejects plaintiff's request for sanctions against defendants.  Finally, the Court holds that defendants are entitled to summary judgment on all of plaintiff's claims.

**IT IS THEREFORE ORDERED BY THE COURT** that plaintiff's Motion to Remand

---

[89](Doc. 11 at 9.)

(Doc. 2) is **DENIED**.

**IT IS FURTHER ORDERED BY THE COURT** that defendants' Motion for Summary Judgment (Doc. 6) is **GRANTED**.

**IT IS FURTHER ORDERED BY THE COURT** that plaintiff's Motion to Dismiss defendants' Motion for Summary Judgment (Doc. 10) is **DENIED**.

**IT IS FURTHER ORDERED BY THE COURT** defendants' Motion to Disregard Plaintiff's Surreply (Doc. 16) is **DENIED**.

**IT IS FURTHER ORDERED BY THE COURT** that plaintiff's Motion for Leave to file a surreply (Doc. 19) is **GRANTED**.

**IT IS SO ORDERED**.

Dated this  17th    day of September 2005.

　　　　　　　　　　　　　　　  S/ Julie A. Robinson

　　　　　　　　　　　　　　　Julie A. Robinson

　　　　　　　　　　　　　　　United States District Judge